# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6862 | **DATE** | 2/7/12 |
| **CASE TITLE** | Jackie Wilson (A91126) vs. Warden Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 11), is granted. The plaintiff is assessed an initial partial filing fee of $1.82. Plaintiff's trust fund account officer is instructed to make monthly deductions in accordance with this order. The Clerk is instructed to send a copy of this order to the Stateville Correctional Center. The complaint (Dkt. No. 1), is dismissed with prejudice on initial review pursuant to 28 U.S.C. § 1915A. This dismissal counts as a strike under 28 U.S.C. § 1915(g). The Clerk is requested to enter a Rule 58 Judgment in favor of defendants against plaintiff. Plaintiff's motions for appointment of counsel, temporary restraining order, preservation of evidence, and special medical care (Dkt. Nos. 3, 4, 8, 12, 13), are denied and any other pending motions are denied as moot. The plaintiff was previously assessed a strike under § 1915(g) in both *Wilson v. Hosey*, No. 02 C 8003 (N.D. Ill. Nov. 20, 2002) (Guzman, J.), and *Wilson v. Hardy*, No. 11 C 742 (N.D. Ill. June 8, 2011) (Guzman, J.). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999). Civil Case Terminated.

■[ For further details see text below.]            Docketing to mail notices.

## STATEMENT

Pro se plaintiff Jackie Wilson, an inmate at the Stateville Correctional Center, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motions for leave to proceeding *in forma pauperis* (Dkt. No. 11), complaint for initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and associated motions.

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 11), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.82. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Turning to the initial review, the Court is required to dismiss a suit brought *in forma pauperis* if it determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The following facts, drawn from plaintiff's complaint (Dkt. No. 1), are accepted as true and all reasonable inferences are made in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff states that he has been on a hunger strike for approximately two years while incarcerated at the Stateville Correctional Center. During this period, the medical staff at Stateville has inserted a feeding tube into him to provide him with basic nourishment and nutrition. Understandably, plaintiff has lost a significant amount of weight during his hunger strike. There is no medical reason why plaintiff cannot eat food, it is his choice to go on strike.

Plaintiff's condition is monitored on a daily basis by doctors, nurses and administrative staff at Stateville. In August 2011, the medical staff at Stateville decided to change its approach to plaintiff and removed his feeding tube. The doctors were concerned that plaintiff was developing infections from the tube. Plaintiff refused to eat during this period and demanded that his feeding tube be reinserted. He experienced pain and cramps. The medical staff explained that his pains were hunger pains. Plaintiff continued to refuse to eat and his feeding tube was eventually reinserted so that he could receive nourishment.

Plaintiff claims that the doctors tried to remove his feed tube twice in August and September 2011 in an attempt to get him to eat. He asserts that the doctors were deliberately indifferent to his desire to have a hunger strike. He also claims that they were deliberately indifferent to his medical needs because they deprived him of nourishment that he would have received through his feeding tube during this period.

The foundation of plaintiff's case is a belief that he has a right to engage in a hunger strike and to receive his nourishment through a feeding tube. This is incorrect. A prisoner does not have a constitutional right to engage in a hunger strike to the point of threatening his health. *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011); *Freeman v. Berge*, 441 F.3d 543, 546-47 (7th Cir. 2006); *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005). Correctional officers are responsible for the prisoner and they cannot allow him to take actions that would result in his own injury. *Freeman*, 411 F.3d at 547. Plaintiff's primary claim, that defendants interfered with his hunger strike by removing the feeding tube and trying to make him eat in August and September 2011, does not state a claim for relief.

This leaves the quality of his medical treatment. This is a traditional deliberate indifference claim. To make out a claim for deliberate indifference, plaintiff must allege that the defendant were intentionally

| STATEMENT |
|---|

indifferent to an objectively serious medical need or condition — negligence, gross negligence or medical malpractice is insufficient. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007); *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

Here, plaintiff sues both non medical correctional officials and the medical officials who provided him care. He alleges that his care was directed by the medical officials as coordinated with the non medical professionals. This is sufficient to find that non medical officials did not violate the constitution because they may properly delegate duties to medical professionals as long as that delegation is not by its deliberately indifferent. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no suggestion that the non medical officials were deliberately indifferent in their delegation. Instead, the complaint alleges that they were actively involved in monitoring the medical professional's efforts with plaintiffs.

In considering whether a health care professional's actions constitute deliberate indifference, the "'medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances.'" *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008)). "'Deliberate indifference may be inferred based upon a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment.'" *Gayton v. McCoy*, 593 F.3d 610, 622-23 (7th Cir. 2010) (quoting *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996)). "'Deliberate indifference is not medical malpractice. . . .'" *Roe*, 631 F.3d at 857 (quoting *Duckworth*, 532 F.3d at 679).

There is no plausible suggestion of a substantial departure in medical professional defendants' care of plaintiff. The complaint, in pain staking detail, speaks of how plaintiff was seen numerous times a day by the medical professions to insure that his health was not in danger once the feeding tube was removed. The medical professionals were concerned that the use of a feeding tube resulted in infections and other harms to plaintiff's health. They attempted to address this by removing the tube and trying to convince plaintiff to eat food. When plaintiff refused, they reinsert the tube to insure that he received a basic level of nutrition.

Plaintiff's mere disagreement with their treatment strategy is not sufficient to allege deliberate indifference. Even further, his disagreement is predicated upon his mistaken belief that he has a right to a hunger strike and feeding tube. His allegations do not plausibly suggest any type of claim for relief. It is clear that plaintiff cannot set forth a valid federal claim so giving him leave to amend his complaint would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). His case is dismissed for failure to state a claim on which relief may be granted.

Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of the prior three strikes will result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859. Plaintiff was previously assessed a strike under §

## STATEMENT

1915(g) in both *Wilson v. Hosey*, No. 02 C 8003 (N.D. Ill. Nov. 20, 2002) (Guzman, J.) (Dkt. No. 4), and *Wilson v. Hardy*, No. 11 C 742 (N.D. Ill. June 8, 2011) (Guzman, J.) (Dkt. No. 9). This case is the plaintiff's third strike. He is warned that he must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999).

If plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal, *see* Fed. R. App. P. 24(a)(1)(C), and must comply with the requirements of 28 U.S.C. § 1915(g), and *Sloan v. Lesza*, 181 F.3d 858 (7th Cir. 1999), as explained in the preceding paragraph. If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).